Francisco del Moral y Nadal, peticionario, *v.* La Corte de Distrito de Mayagüez, Hon. Charles E. Foote, Juez, demandada.

No. 745.—*Sometido:* Enero 12, 1931. *Resuelto:* Enero 21, 1931.

*José Sabater,* abogado del peticionario; *Alfredo Arnaldo,* abogado de la tutora nombrada.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Aparece en este caso que Carmen Nadal, viuda de del Moral, es una señora que quedó incapacitada por consecuencia de enfermedad; que no tiene padres y sí cuatro hijos legíti-mos, que son María del Carmen, Francisco, Micaela y Damián, todos ellos del Moral y Nadal, siendo la mayor María del Carmen; que Francisco del Moral y Nadal fué nombrado tutor de la referida incapacitada, y su nombramiento fué anulado, por no haberse seguido para hacerlo el procedimiento legal; que María del Carmen del Moral pidió a la Corte de Distrito de Mayagüez que la nombrara tutora de su señora madre; que a esto se opuso don Francisco del Moral, alegando que aquella señora, aunque es la mayor de los hijos de la incapacitada, es inhábil para ser tutora de la misma, por tener pleito pendiente con ella, en cuyo litigio la incapacitada ha pedido que se dicte sentencia condenando

a Doña María del Carmen del Moral a que le devuelva $29,064.70, y que esta suma debe ser colacionada cuando llegue el momento, para regular las legítimas, a cuya demanda se ha opuesto la demandada; y además que Doña María del Carmen del Moral, no está preparada mentalmente, ni tiene instrucción suficiente, para desempeñar ese cargo.

La corte oyó a las partes, con la prueba que presentaron. Se negó a oír prueba en cuanto a la falta de preparación y de instrucción de Doña María del Carmen; y resolvió en definitiva, nombrando a esta señora tutora de la incapacitada. Y a propósito de esta resolución se presentó la petición de *certiorari*.

■ Tenemos ante nosotros el *return,* y en él, como elemento de importancia para resolver, el caso civil No. 14997 de la Corte de Distrito de Mayagüez, promovido por *Carmen Nadal* v. *María del Carmen del Moral et al.,* sobre reconocimiento de anticipos para colaciones. La demanda en este caso alega que María del Carmen del Moral ha venido recibiendo de su madre, la demandante, varias sumas, alcanzando la totalidad a $29,064.70, las que no ha devuelto, que la demandante otorgó testamento en el que una de las instituídas herederas es la demandada, y no dispuso que no se colacionara; y pidió a la corte sentencia sobre esos hechos y declarando que la expresada suma es un anticipo a cuenta de la herencia, y deberá ser colacionada para la computación de legítimas. A tal demanda se opuso excepción previa.

La mayor o menor preparación, la habilidad técnica para la tutela, no son elementos cuya ausencia se haya tenido en cuenta por el Código Civil, al determinar las incapacidades o inhabilidad para ser tutor. El artículo 265 del citado código no tiene apartado alguno en ese sentido, ni hay precepto de esa clase en el Capítulo V, Título X, Libro primero del citado texto legal. Por eso la Corte de Distrito de Mayagüez, procedió con todo acierto al reducir la oposición a

un término que siquiera tuviera la apariencia de discutible en ley. Las cortes no vienen obligados a oír cualquier petición arbitraria o caprichosa.

En cuanto al pleito pendiente, evidentemente la corte no cometió error alguno. El número 8, artículo 265, Código Civil de Puerto Rico, tiene el siguiente texto literal:

"Artículo 265. No pueden ser tutores: . . . 8.—Los que litiguen o hayan litigado con el menor sobre la propiedad de sus bienes, a menos que el padre, o en su caso la madre, sabiéndolo, los hubieran nombrado, sin embargo, tutor en su testamento."

Es perfectamente claro que el alegado litigio no versa sobre la propiedad de los bienes del menor o incapacitado.

La circunstancia de tratarse de un pleito que puede venir en apelación ante este tribunal, nos releva de estudiar y adelantar juicio acerca del fondo de ese litigio. Bástanos ver que no está comprendido en el apartado 8 del artículo 265, Código Civil.

*Debe anularse el auto expedido, con devolución de los remitidos a este tribunal.*